Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6676 | **DATE** | December 17, 2001 |
| **CASE TITLE** | Doug Sutton, et al. v. MarchFirst, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' motion for class certification [ ] is granted. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 21 2001 date docketed | |
| | Docketing to mail notices. | | | 46 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | | |
| | | | date mailed notice | |
| KAM | courtroom deputy's initials | 01 DEC 20 PM 4:31 | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

00-6676.012-JCD                                          December 17, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOUG SUTTON and PRESCOTT          )
NOTTINGHAM, on behalf of          )
themselves and all others         )
similarly situated,               )
                                  )    DEC 21 2001
         Plaintiffs,              )
                                  )
    v.                            )
                                  )    No. 00 C 6676
ROBERT F. BERNARD,                )
ROBERT T. CLARKSON, and           )
BERT B. YOUNG,                    )
                                  )
         Defendants.              )

## MEMORANDUM OPINION

Before the court is plaintiffs' motion for class certification. For the reasons explained below, the motion is granted.

## BACKGROUND

Plaintiffs allege securities fraud against three officers of Marchfirst, Inc. ("Marchfirst"), a Chicago-based consulting corporation that is now under bankruptcy protection. The complaint alleges that defendants misled the investing public and thereby artificially inflated the price of Marchfirst's stock by publicly issuing materially false and misleading statements and omitting to disclose material facts necessary to make those statements not false and misleading. This conduct, plaintiffs assert, violated §

46

10(b) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated under that section, 17 C.F.R. § 240.10b-5, and § 20(a) of the 1934 Act, 15 U.S.C. § 78t(a). In our memorandum opinion of August 6, 2001, we denied defendants' motion to dismiss.

Plaintiffs now move to certify the following class, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3):

> All persons, other than Defendants, their heirs, successors, and assigns, and the members of the Individual Defendants' immediate families, who: (i) purchased or acquired Marchfirst securities during the period between March 23, 2000 and November 20, 2000, and who were damaged by Defendants' violations of the federal securities laws.

(Lead Plaintiffs' Memorandum of Law in Support of Motion for Class Certification at 4.)

## DISCUSSION

Federal Rule of Civil Procedure 23 allows a member of a class to sue as a representative of the class only if (1) joinder of all members is impractical because the class is so numerous, (2) questions of law or fact are common to the class, (3) the representative's claims are typical of those of the class, and (4) the representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Moreover, the court must also find that: (1) the prosecution of separate actions by the individual class members would create a risk of inconsistent adjudications or substantially impair the abilities of other class

members to protect their interests; (2) the party opposing the class has acted or failed to act on grounds generally applicable to the class, thereby making injunctive or declaratory relief appropriate for the class; or (3) common questions of law or fact predominate over questions affecting only individual members and the class action is the best method for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b). The party seeking certification bears the burden of proving that its action is appropriate as a class action and that it satisfies all the requirements of Rule 23. Trotter v. Klincar, 748 F.2d 1177, 1184 (7th Cir. 1984).

Defendants do not dispute that plaintiffs have met their burden of showing that the class satisfies the prerequisites to a class action contained in Rule 23(a). Joinder of all members of the class would be impracticable because there were at least hundreds, probably thousands, of shareholders of Marchfirst stock during the relevant period. As for the commonality and typicality requirements, which are closely related, plaintiffs point out that defendants' liability for their alleged conduct in artificially inflating the price of Marchfirst's securities is the central focus of this action, which predominates over any individual issues that might arise. Moreover, plaintiffs, like all other class members, purchased Marchfirst securities during the class period. Plaintiffs meet the Seventh Circuit's requirements for fair and

adequate class representation because it appears that plaintiffs' attorneys can adequately conduct this litigation, due to their qualifications and experience in class actions and complex litigation, and we cannot identify any conflicts between plaintiffs and the class members. See Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 598 (7th Cir. 1993).

Defendants also do not dispute that plaintiffs have shown that common questions of law and fact predominate over individual issues and the class action is the superior method for adjudicating this controversy, pursuant to Rule 23(b)(3). As discussed above, questions of law and fact common to all class members predominate over individual issues. In addition, there are hundreds, if not thousands, of potential class members; there is little chance that many class members would bring individual actions; and there is some chance that all class members will recover some damages in a class action. Therefore, a class action is the superior and most efficient method for adjudicating these claims.

We note that defendants "reserve the right" to contest at some future time both the length of the class period and that there was any artificial price inflation during that period. However, we do not understand defendants to be objecting to the class period at this point. For purposes of class certification, then, we will use the class period as defined by plaintiffs.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion for class certification is granted.

The court hereby certifies the following class:

All persons, other than Defendants, their heirs, successors, and assigns, and the members of the Individual Defendants' immediate families, who: (i) purchased or acquired Marchfirst securities during the period between March 23, 2000 and November 20, 2000, and who were damaged by Defendants' violations of the federal securities laws.

The court has already set a status hearing for January 2, 2002, at 10:30 a.m., to discuss notice to the class and further procedures in this case.

DATE:     December 17, 2001

ENTER:    _____
          John F. Grady, United States District Judge