# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | . |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6676 | **DATE** | August 2, 2002 |
| **CASE TITLE** | Doug Sutton, et al. v. MarchFirst, Inc., et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____.  Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  The motions of plaintiffs for (1) preliminary approval of a proposed class action settlement [72-1]; (2) to withdraw the reference to the bankruptcy court of adversary proceeding no. 02 A 00589 [87-1, 88-1]; and (3) pursuant to the All Writs Act to enjoin prosecution of the adversary complaint in no. 02 A 00589 [74-1].  For the reasons explained below, the motions are denied. ENTER MEMORANDUM OPINION.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | **Document Number** |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| X | Notices MAILED by judge's staff. | | | AUG 0 5 2002 | | |
| | Notified counsel by telephone. | | | date docketed | | |
| | Docketing to mail notices. | | | | | 106 |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to | | | | | |
| KAM | courtroom deputy's initials | | | date mailed notice | | |
| | | | | KAM | | |
| | | | | mailing deputy initials | | |

U.S. DISTRICT COURT
CLERK
02 AUG -2 PM 4: 46

Date/time received in central Clerk's Office

(Reserved for use by the Court)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**



DOUG SUTTON and PRESCOTT          )
NOTTINGHAM, on behalf of          )
themselves and all others         )
similarly situated,               )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )
                                  )   No. 00 C 6676
ROBERT F. BERNARD,                )
ROBERT T. CLARKSON, and           )
BERT B. YOUNG,                    )
                                  )
          Defendants.             )

### MEMORANDUM OPINION

Before the court are several motions of the shareholder plaintiffs: (1) a motion for preliminary approval of a proposed class action settlement; (2) a motion to withdraw the reference to the bankruptcy court of adversary proceeding no. 02 A 00589; and (3) a motion pursuant to the All Writs Act to enjoin prosecution of the adversary complaint in no. 02 A 00589. For the reasons explained below, the motions are denied.

### BACKGROUND

In this class action litigation, the shareholder plaintiffs allege securities fraud against three officers of Marchfirst, Inc. ("Marchfirst"), a Chicago-based consulting corporation that is now under bankruptcy protection. The complaint alleges that defendants

misled the investing public and thereby artificially inflated the price of Marchfirst's stock by publicly issuing materially false and misleading statements and omitting to disclose material facts necessary to make those statements not false and misleading. This conduct, plaintiffs assert, violated § 10(b) of the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated under that section, 17 C.F.R. § 240.10b-5, and § 20(a) of the 1934 Act, 15 U.S.C. § 78t(a).

Plaintiffs now move for preliminary approval of a proposed settlement reached with defendants' insurance carrier for $22 million. Defendants object to the proposed settlement and contend that their insurance carrier has no right to settle over their objection. Several intervenors, former independent directors of Marchfirst, also object to the proposed settlement. In addition, plaintiffs move to withdraw the reference to the bankruptcy court of the bankruptcy Trustee's adversary action pending against the plaintiffs.[1] Plaintiffs also move to enjoin prosecution of the Trustee's adversary action. In addition to reading the briefs on these motions, we heard oral argument on July 31, 2002.

---

[1]    In the adversary action, the Trustee filed a motion to enjoin plaintiffs from prosecuting this class action and to prohibit them from making any attempts to obtain possession of or control over the proceeds of the directors and officers' liability insurance policy issued to Marchfirst by Illinois National Insurance Company. The Trustee also seeks a declaration that the proceeds of the policy are property of the bankruptcy estate of Marchfirst.

## DISCUSSION

### A.  Preliminary Approval of Proposed Settlement

Rule 23(e) of the Federal Rules of Civil Procedures requires court approval of any settlement that causes the dismissal of a class action.  See Fed. R. Civ. P. 23(e); Reynolds v. Beneficial Nat'l Bank, 288 F.3d 277, 279 (7th Cir. 2002).  "Before such a settlement may be approved, the district court must determine that a class action settlement is fair, adequate, and reasonable, and not a product of collusion."  Reynolds, 288 F.3d at 279 (quoting Joel A. v. Giuliani, 218 F.3d 132, 138 (2d Cir. 2000)).  Judges must exercise "the highest degree of vigilance in scrutinizing proposed settlements of class actions."  Id.  The primary question is whether the proposed settlement amount is reasonable, given the risk and likely return to the class of continued litigation.  See id. at 280.

Class counsel has failed to demonstrate why the proposed settlement is fair, adequate, and reasonable.  Plaintiffs simply have not given us sufficient information to enable us to make a reasonable assessment of the damages to the plaintiffs, the evidence supporting and rebutting plaintiffs' claims, or the percentage of actual damages each class member would recover if the settlement were approved.  Furthermore, plaintiffs tell us nothing about what assets the defendants have beyond the insurance proceeds.  Plaintiffs state that they have conducted extensive

discovery and engaged in "lengthy and hard-fought" negotiations to arrive at this "excellent" settlement, (Plaintiffs' Memorandum in Support of Preliminary Approval at 3, 12 n.6), but these are simply conclusions. We have been given no information (except conclusory statements) about the extent of discovery, what it has disclosed as to the likelihood of recovery, or what defenses there might be.

An alternative ground for denying preliminary approval of the proposed settlement is that there has been no actual settlement agreement between the <u>parties</u>. Plaintiffs and defendants' insurance carrier, Illinois National Insurance Company ("Illinois National"), have not persuaded us that the carrier has the right to settle this matter without the defendants' consent.

Illinois National's standard form policy contained a "hammer clause," which provided that the insurer could make any settlement of a claim it deemed expedient with respect to the insured, subject to the insured's written consent. (Plaintiffs' Memorandum in Support of Preliminary Approval, Ex. B.) The parties to the policy at issue here agreed to delete the "hammer clause." Plaintiffs argue that the deletion of the "hammer clause" is "proof positive" that the insurance company can settle these claims over the defendants' objection. They also contend that the provision of the policy that gives the insurer the right to "effectively associate" in the defense of claims, "including but not limited to negotiating a settlement," confers upon the insurer the right to settle claims.

(Id. at 4, 5.) We are not persuaded. The elimination of the "hammer clause" appears to be an indication that the insurer's right to settle claims was taken away, not enhanced. And the "right to associate" clause does not provide that the insurer has the right to settle over the insured's objections. Moreover, plaintiffs and the insurer have cited no relevant authority for the proposition that, absent any express policy provision, the insurer has the authority to settle claims without the insured's consent.

**B.    Withdrawal of the Reference**

Plaintiffs move to withdraw the reference to the bankruptcy court of adversary proceeding no. 02 A 00589. The same motion was made by the plaintiffs in the case of Megliola v. Sutton, 02 C 4021, which was pending before Judge Holderman. Without realizing that we had granted a motion for relatedness, and that the Executive Committee of the court had transferred his case to us, Judge Holderman denied the motion to withdraw the reference in an opinion he filed on July 2, 2002. When the parties brought this to our attention, we conferred with Judge Holderman, and he agreed that his decision should be vacated. Accordingly, we entered an order on July 17, 2002 vacating his opinion.

The motion is now fully briefed, and the parties make the same arguments they made before Judge Holderman. (The shareholders have filed a reply brief, which Judge Holderman did not have, which makes somewhat more explicit their arguments as to why the motion

to withdraw the reference requires the interpretation of federal securities laws.)

After a thorough consideration of the parties' arguments, we conclude that the motion to withdraw should be denied. The shareholders bear the burden of persuasion on their motion, and they have failed to sustain that burden. As Judge Holderman found, the shareholder plaintiffs' motion is governed by <u>In re Vicars Insurance Agency</u>, 96 F.3d 949 (7th Cir. 1996). Mandatory withdrawal of the reference is appropriate only if non-Title 11 issues "require the interpretation, as opposed to mere application, of the non-Title 11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-Title 11 law." <u>Id.</u> at 954. Plaintiffs argue that interpretation of the securities laws is required in order to decide the issues in the adversary proceeding, but they fail to spell out what issue needs interpretation as opposed to simple application of the securities laws, or what "open and unresolved issues" are involved. They briefly allude to an indemnification issue, but do not explain what the exact indemnification issue is that is "open and unresolved" or needs interpretation, or in what sense it is unresolved or requires interpretation.

The second question is whether there should be a permissive withdrawal for "cause." We should consider several factors, the first of which is the most important: (1) whether the claim is core

or non-core; (2) the most efficient use of judicial resources; (3) whether there would be delay and related costs to the parties; (4) uniformity of bankruptcy administration; (5) prevention of forum shopping; and (6) other related factors. See Levey v. McIntyre (In re J. O'Brien Leasing, Inc.), No. 97 C 3821, 1997 WL 414099, at *2 (N.D. Ill. July 17, 1997) (citing South St. Seaport Ltd. Partnership v. Burger Boys, Inc. (In Re Burger Boys, Inc.), 94 F.3d 755, 762 (2d Cir. 1996)). We agree with Judge Holderman's finding that the claims sought to be withdrawn are core proceedings in that they involve the administration of the bankruptcy estate and require application of the Bankruptcy Code, and we do not believe that allowing the reference to stand negatively affects any of the other relevant factors.

## C. **All Writs Act Motion**

The plaintiffs ask us to enjoin the trustee's adversary action and invoke the All Writs Act, 28 U.S.C. § 1651(a), which empowers the court to issue all writs that are "necessary or appropriate in aid of" its jurisdiction. The All Writs Act "empowers federal courts to fashion extraordinary remedies when the need arises." Ivey v. Harney, 47 F.3d 181, 185 (7th Cir. 1995).

Plaintiffs' premise is that further prosecution of the adversary action will stop the settlement "dead in its tracks" and will deny the shareholder class "access to the $22 million placed in escrow pursuant to the Class settlement agreement."

(Plaintiff's Memorandum in Support of Motion to Enjoin at 6.) Because we have declined to approve the proposed settlement, there is no settlement that is "threatened" by the trustee's action, and thus no basis for the extraordinary relief sought by plaintiffs.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for preliminary approval of the proposed class action settlement is denied. Plaintiffs' motion to withdraw the reference to the bankruptcy court of adversary proceeding no. 02 A 00589 is denied. Plaintiff's motion pursuant to the All Writs Act to enjoin prosecution of the adversary complaint in no. 02 A 00589 is denied.


DATE:    August 2, 2002

ENTER:   _____

John P. Grady, United States District Judge