# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DOUG SUTTON and PRESCOTT NOTTINGHAM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. BERNARD, ROBERT T. CLARKSON, and BERT B. YOUNG,<br><br>Defendants. | No. 00 C 6676 |

## ADDENDUM TO MEMORANDUM OPINION OF JULY 12, 2006

An important point we neglected to mention in our Memorandum Opinion of July 12, 2006 is that our approach to the attorneys fee issue is the one required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(6). The Act provides:

> Total attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest <u>actually paid to the class</u>.

<u>Id</u>. (emphasis added). The statute obviously requires a determination of the fee percentage <u>after</u> the amount of the recovery has been determined, not at the time class counsel is appointed to represent the class, since, at the time of appointment, "the amount of any damages and prejudgment interest actually paid to the class" has not been ascertained.

Commenting on the 2003 Amendments to Rule 23 of the Federal Rules of Civil Procedure, the Advisory Committee on Civil Rules noted the relationship between new subdivision (h), providing that the court may award reasonable attorneys fees and nontaxable costs, and the provision of the Private Securities Litigation Reform Act of 1995, quoted above:

> In a class action, the district court must ensure that the amount and mode of payment of attorney fees are fair and proper whether the fees come from a common fund or are otherwise paid. Even in the absence of objections, the court bears this responsibility.
>
> Courts discharging this responsibility have looked to a variety of factors. One fundamental focus is the result actually achieved for class members, a basic consideration in any case in which fees are sought on the basis of a benefit achieved for class members. The Private Securities Litigation Reform Act of 1995 explicitly makes this factor a cap for a fee award in actions to which it applies. See 15 U.S.C. §§ 77z-1(a)(6); 78u-4(a)(6) (fee award should not exceed a "reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class"). For a percentage approach to fee measurement, <u>results achieved</u> is the basic starting point.

Fed. R. Civ. P. 23 advisory committee's note (emphasis added). We have found no case in the Seventh Circuit that has addressed the fee provision of the Private Securities Litigation Reform Act, but a case from the Ninth Circuit is of interest. In <u>Powers v. Eichen</u>, 229 F.3d 1249, 1258 (9th Cir. 2000), the Court observed that the statute "simply requires that the fees and expenses ultimately awarded be reasonable in relation to what the plaintiffs <u>recovered</u>" (emphasis added).

Both the Advisory Committee on Civil Rules, which referred to the "results achieved," and the Ninth Circuit Court of Appeals, in referring to "what the plaintiffs recovered," obviously understand the statute to contemplate a fee, whether it be a lodestar or a percentage, that is measured by the results that have actually been achieved in the case.

DATE:     July 17, 2006

ENTER:    _____
          John F. Grady, United States District Judge